IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TALIB ZAYID, | ) | CASE NO. 1:19CV732 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL, | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Talib Zayid ("Zayid") filed a Complaint against the Defendant Commissioner of Social Security ("Commissioner"), alleging a violation of his procedural due process and equal protection rights and challenging the Commissioner's decision denying his application for Supplemental Security Income ("SSI"). Doc. 1. The Commissioner filed a Motion to Dismiss, pursuant to Fed. R. Civ. Pro. 12(b)(6), arguing that Zayid's Complaint is time-barred and, alternatively, it fails to state a claim for relief. Doc. 12.

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b). For the reasons explained below, the undersigned recommends that the Commissioner's Motion to Dismiss be **GRANTED**.

## I. Background

**A. Zayid's disability application**

Zayid filed an application for SSI in December 2012. Doc. 1-4 p. 4.[1] After he received a final decision denying his claim, he appealed to federal court, which remanded the claim back to

---

[1] The undersigned relies upon facts taken from the exhibits attached to Zayid's Complaint, which he references in his Complaint and which are central to his claims. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case … so long as they are referred to in the Complaint and are central to the claims contained therein.").

the agency for further proceedings in November 2016. Doc. 1, p. 2, ¶3.

On remand, the ALJ held a new hearing. Doc. 1, p. 2, ¶5. Shortly thereafter, a consultative examination was ordered and performed by Dorothy Bradford, M.D. Doc. 1, p. 2, ¶6; Doc. 1-3 (report). On February 16, 2018, the ALJ issued a decision denying Zayid's disability claim. Doc. 1, p. 2, ¶7; Doc. 1-4, pp. 4-19 (ALJ decision).

### B. Regulations governing remanded cases

Because Zayid's case was one that the federal court had previously remanded, 20 C.F.R. § 416.1484, "Appeals Council review of administrative law judge decision in a case remanded by a Federal court," applies to his case. Section 416.1484 sets forth three possible paths for review of an ALJ's decision of a previously remanded case: (1) the claimant can directly appeal the ALJ's decision to federal court without Appeals Council review; (2) the claimant can file "exceptions" to the Appeals Council within 30 days; or (3) the Appeals Council can assume jurisdiction *sua sponte* within 60 days of the ALJ's decision. The ALJ's notice of decision, which was sent to Zayid, explained these options and the time frame for each. Doc. 1-4, pp. 1-2.

#### 1. Zayid did not timely appeal to federal court

The ALJ's notice of decision explained that, under option (1), the ALJ's decision would become final on the 61st day after the date of the decision and that Zayid would have 60 days after that date to file a complaint in federal court. Doc. 1-4, p. 2. Because the ALJ's decision is dated February 16, 2018, it became final on April 18, 2018. Zayid had until 60 days after that, June 18, 2018, to file his complaint in federal court.

Zayid filed his Complaint in this Court on April 3, 2019, almost ten months later.

#### 2. Zayid did not timely file exceptions to the Appeals Council

Under option (2), the ALJ's decision notice explained, Zayid could file "exceptions" to the Appeals Council within 30 days of the date in which Zayid or his representative received the ALJ's decision notice.  Doc. 1-4, p. 1.  The agency assumes that the claimant receives the notice five days after the date of the notice.  Doc. 1-4, p. 1.  If a claimant needs more time to file exceptions, he or she can request an extension from the Appeals Council, but such a request must be filed within the same 30-day time frame.  Doc. 1-4, pp. 1-2.

Because the ALJ's notice decision is dated February 16, 2018, Zayid was presumed to have notice five days later, on February 21, 2018.  Zayid's exceptions were therefore due to the Appeals Council within 30 days, on or by March 23, 2018.

Zayid filed exceptions on March 26, 2018, three days after the deadline.  Doc. 1-5 (letter to Appeal Council).  On May 30, 2018, the Appeals Council advised Zayid that his exceptions were late and stated that he must show proof that his exceptions were sent within 30 days of his receiving the ALJ's decision notice.  Doc. 1-6.  On June 7, 2018, Zayid sent a letter to the Appeals Council admitting that his exceptions were three days late, i.e., they were not sent within 30 days of his receipt of the ALJ's notice.  Doc. 1-7.  Zayid's attorney explained that he had incorrectly calendared the matter for 60 days, rather than the 30 days applicable to a remanded case.  Doc. 1-7, p. 1.  He requested that the Appeals Council find good cause for his untimely filing and consider his exceptions.  Doc. 1-7, p. 1.  In support, he cited HALLEX 1-3-1-1E.  Doc. 1-7, p. 2.

On February 28, 2019, the Appeals Council advised Zayid that his exceptions were untimely and, furthermore, informed him that HALLEX 1-3-1 does not apply to remanded cases.  Doc. 1-8, p. 1.

### 3. The Appeals Council did not assume jurisdiction *sua sponte*

The Appeals Council did not assume jurisdiction, *sua sponte*, within 60 days of the ALJ's decision.

### C. Zayid files a complaint in federal court

Zayid filed his Complaint in this Court on April 3, 2019. Doc. 1. The basis of his challenge to the ALJ's decision (and the "exceptions" filed with the Appeals Council) is the consultative examination performed by Dr. Bradford upon remand from federal court. Zayid alleges that he had a sexual encounter with Dr. Bradford approximately 20 years ago, which, he believes, adversely effected the doctor's findings regarding his physical impairments. Doc. 1-5, p. 3, ¶¶2, 4. He claims that he did not recall that he had a past sexual encounter with the consultative examiner until after he read the ALJ's unfavorable decision. Doc. 1-5, p. 3, ¶2. He also alleges that the Appeals Council's unwillingness to consider his late exceptions violates his due process and equal protection rights. Doc. 1, pp. 7-9.

Defendant filed a motion to dismiss, asserting that Zayid's Complaint is untimely. Doc. 12, p. 5. Alternatively, Defendant asserts that Zayid's constitutional claims fail to state a claim for which relief can be granted. Doc. 12, p. 8. Zayid filed an opposition brief, arguing that he alleged "colorable constitutional claims" not subject to the exhaustion requirements in 42 C.F.R. 405(g), he is entitled to equitable tolling, and dismissal is unwarranted based on the recent United States Supreme Court opinion *Smith v. Berryhill*. Doc. 14, p. 1. Defendants filed a reply. Doc. 16. For the reasons explained below, Defendant's motion to dismiss should be granted.

### II. Legal Standard

Section 205(g) of the Social Security Act sets forth the time limitation for commencing a civil action:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of

4

such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). A claimant may be entitled to equitable tolling of the limitations period. *Id*. at 437. In making this determination, a court considers

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

### III. Analysis

#### A. Zayid's Complaint is time-barred and he is not entitled to equitable tolling

Defendant argues that Zayid's Complaint is untimely because he did not appeal the ALJ's decision within the prescribed time frame, i.e., on or by June 18, 2018, which is 60 days after the ALJ's decision become final. Doc. 12, p. 5. Zayid does not dispute this fact. Rather, he asserts that he is entitled to equitable tolling. Doc. 14, pp. 16-18.

Zayid complains that the Appeals Council did not apply a "good cause requirement" to extend the time for him to file in federal court. Doc. 14, p. 16. But Zayid never asked the Appeals Council to extend his time to file an appeal in federal court, which he may do pursuant to 20 C.F.R. § 416.1482. Thus, he cannot fault the Appeals Council for not granting a request he did not make. He also contends that the Appeals Council "mislead" him and his counsel because it didn't inform him of "its inflexible finality position within the 22 day window" between the day Zayid submitted untimely exceptions (March 26, 2018) and the date the ALJ's decision became final and ripe for judicial review (April 18, 2018). Doc. 14, p. 16. "Instead," Zayid complains, the Appeals Council "waited until May 30, 2018 to respond." Doc. 14, p. 16. But

5

Zayid had until June 18, 2018, to file his complaint in federal court, so the Appeals Council's response on May 30, 2018, did not prevent Zayid from timely filing in federal court. *See also White v. Comm'r of Soc. Sec.*, 83 Fed. App'x 70, 72 (6th Cir. 2003) (plaintiff's claim that she was misled by the Social Security Administration was insufficient to demonstrate equitable tolling; the agency's notice sent to her specifically warned her of the filing requirements).

Applying the five equitable tolling factors discussed in *Cook*, the undersigned finds that Zayid is not entitled to equitable tolling. 480 F.3d at 437. The first and second factors, whether Zayid had actual or constructive notice of the filing requirement, weigh against Zayid because the ALJ's notice of decision sent to him, which he admits he received, set forth those requirements. Doc. 1-4, pp. 1-2. As to the third factor, Zayid was not diligent in pursuing his rights. His exceptions to the Appeals Council were untimely and the Appeals Council did not *sua sponte* accept jurisdiction, so his only option for further review was to file directly in federal court, which he did not do until almost ten months later. Nor did he request more time to appeal his case to federal court.

Fourth, there would be prejudice to the Commissioner if Zayid's late filing were permitted. As the Sixth Circuit explained,

> Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.

*Cook*, 480 F.3d at 437 (affirming district court's dismissal of the plaintiff's complaint, filed one day late, because complaint was filed outside the time period prescribed by the regulations); *Schwiemann v. Comm'r of Soc. Sec.*, 2015 WL 1930431, at *1 (N.D.Ohio April 28, 2015) (claimant filed her complaint one day late; defendant's motion to dismiss granted). Finally, it cannot be said that the fifth factor weighs in Zayid's favor because it was not reasonable for him

6

to remain ignorant of the legal requirement for filing his claim. Zayid knew what the filing requirements were. And he acknowledged in his June 7th letter to the Appeals Council that his case was a remanded case and therefore governed by the rule applying to remanded cases. Doc. 1-7, p. 1. Yet he still did not follow the regulations for remanded cases by timely filing in federal court. In short, none of the factors weighs in Zayid's favor and he is not entitled to equitable tolling.

### B. The exhaustion doctrine does not apply in this case; even if it does, Zayid does not state a colorable constitutional claim

Zayid argues that he has alleged "colorable constitutional claims" that circumvent the exhaustion requirements in § 405(g) limiting judicial review to a final decision of the Commissioner made after a hearing. Doc. 14, p. 8. But this is not an exhaustion case. Rather, this case invokes the 60-day time period for filing a complaint in federal court. As explained above, Zayid did not timely file in federal court and he is not entitled to equitable tolling. His attempt to proffer colorable constitutional claims to overcome the exhaustion requirements, therefore, is misdirected.

Zayid attempts to create an exhaustion case by alleging that he is appealing the Appeals Council's findings that his exceptions were untimely and that the good cause regulation did not apply to his remanded case. Doc. 1, pp. 7-8; Doc. 14, p. 8. Even if the Court were to consider this argument, it would fail because Zayid does not allege colorable constitutional claims that could circumvent the exhaustion requirements.

An unappealable order (like the Appeals Council's findings here) may be challenged in federal court on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 109 (1977). To obtain federal review, a claimant must establish a colorable constitutional claim. *Id.*; *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992). However, "couching in constitutional language

what is in reality an argument[] that the Secretary abused his discretion …, does not convert the argument into a colorable constitutional challenge." *Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67–68 (6th Cir. 1987) (citing *Gosnell v. Secretary*, 703 F.2d 216 (6th Cir. 1983)).

Due process claim: Zayid alleges that his procedural due process rights were violated when the Appeals Council failed to consider his untimely exceptions. Doc. 1, p. 7, ¶25. He asserts that this deprived him of a "full and fair adjudication of whether Dr. Bradford's bias affected the ALJ's February 16, 2018 decision." Doc. 1, p. 7, ¶25. Zayid's argument fails because the agency did not deprive him of a full and fair adjudication of the issue he raised to them. Rather, it was Zayid's own actions that prevented review of this issue because he did not timely file exceptions, he did not ask for more time to file exceptions, he did not timely appeal the ALJ's decision to federal court, and he did not request more time to appeal the ALJ's decision to federal court. Thus, he has failed to state a due process claim. *See Ferriell v. Comm'r of Soc. Sec.*, 614 F.3d 611, 621-622 (6th Cir. 2010) (finding no due process violation: "Ferriell had the chance to prove he was disabled prior to the revised [] date last insured. His inability to receive an adjudication of his disability status [] resulted from his failure to present this argument to the Appeals Council, not faulty procedures."); *Carroll v. Astrue*, 402 F. App'x 709, 712 (3d Cir. 2010) (affirming the district court's decision granting the Commissioner's motion to dismiss; the agency's procedures for remanded cases do not violate due process rights).

Equal protection claim: Zayid alleges that his equal protection rights were violated because the Appeals Council did not permit him "'good cause' for filing the exceptions 3 days late." Doc. 1, p. 8, ¶3. He complains that the agency permits untimely filings if "good cause" is shown in initial appeals and contends that there is no rational basis for not recognizing a "good

8

cause" exception when the agency is considering remanded appeals. Doc. 1, p. 9, ¶33.

The Equal Protection Clause bars "distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). Mere unfair treatment does not amount to a violation of equal protection. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Zayid does not allege how the Commissioner has burdened a fundamental right which he was exercising; targeted a suspect class, of which he is a part; or treated him any differently than others similarly situated without any rational basis. *Radvansky*, 395 F.3d at 312. The Commissioner followed the same agency regulations that apply to all remanded cases. Moreover, the agency has a rational basis for not allowing good cause for late exceptions in remanded cases versus non-remanded cases: in remanded cases, the claimant need not file exceptions at all and can proceed directly to federal court whereas, in non-remanded cases, the claimant must first go through the appeals process with the Appeals Council. Simply put, Zayid's allegations are merely an attempt to couch his claims against the agency in constitutional language in order to obtain jurisdiction and are not well taken.[2]

In sum, Zayid fails to state colorable constitutional claims and this Court is without jurisdiction to review his claims.

### C. *Smith v. Berryhill* does not affect Zayid's case

Zayid argues that *Smith v. Berryhill*, --U.S.--, 139 S.Ct. 1765 (2018), mandates judicial

---

[2] In his opposition brief, Zayid misleadingly attempts to bolster the impact of Dr. Bradford's opinion when he contends, "Consideration of the bias claim is crucial to an accurate determination of the Plaintiff's case because Dr. Bradford's post-hearing report formed the entire basis of disregarding Dr. Faust's opinion, and the ALJ's adverse decision." Doc. 14, p. 14 (citations omitted). This statement is patently false. Dr. Bradford provided an opinion as to Zayid's physical limitations and Dr. Faust provided an opinion as to Zayid's mental limitations. Doc. 1-4, p. 11. The ALJ did not discount Dr. Faust's opinion for any reason that had to do with Dr. Bradford's opinion. Doc. 1-4, pp. 11-12 (explaining that Dr. Faust's examination and opinion was rendered when Zayid was not under the care of a mental health professional and was not on psychiatric medication and the record showed that his symptoms are under control when he is on medication and in counseling).

review of his case. Doc. 14, pp. 18-20. In *Smith*, a claimant's disability benefits application took the normal course; it was denied initially and upon reconsideration; an ALJ held a hearing; and the ALJ issued an unfavorable decision. 139 S.Ct. at 1773. The claimant's attorney asserted that he had requested Appeals Council review of the ALJ's decision within the 60-day time limit (which he must do to exhaust his administrative remedies and obtain judicial review), but the agency stated that it had no record that it had received his letter. *Id*. Six months later, the attorney sent a copy of the letter he claimed to have mailed earlier. *Id*. The Appeals Council found his letter to be untimely and that he lacked good cause for the delay, so it dismissed his request for review. *Id*. Smith filed an appeal in federal court but the court dismissed his case, finding that it lacked jurisdiction because the Appeals Council's decision not to consider an untimely request for review was not a "final decision." *Id*.

The Supreme Court reversed, finding that, under the Agency's regulations, the Appeals Council's decision was the "final stage of review." *Id*. at 1774. The Court discussed *Califano v. Sanders*, 430 U.S. 99 (1977), in which the Court had previously found that the agency's denial of a claimant's petition to reopen a prior denial of his claim for benefits was not a final decision under § 405(g). It explained that the *Sanders* Court had reasoned, "a petition to reopen was a matter of agency grace that could be denied without a hearing altogether and that allowing judicial review would thwart Congress' own deadline for seeking such review." *Id*. at 1775. The *Smith* Court explained,

> Smith's case, as noted above, is also distinct from *Sanders*. *Sanders*, after all, involved the SSA's denial of a petition for reopening—a second look that the agency had made available to claimants as a matter of grace. But Smith is not seeking a second look at an already-final denial; he argues that he was wrongly prevented from continuing to pursue his primary claim for benefits. That primary claim, meanwhile, is indeed a matter of statutory entitlement. See § 405(b).

*Id*. at 1777-1778 (internal citations omitted).

Here, Zayid was not wrongly prevented from continuing to pursue his primary claim for benefits. Rather, he did (successfully) pursue that primary claim for benefits and is now pursuing his claim for benefits after a remand by a federal court. He has not been wrongly prevented from pursuing his claim after having been remanded; rather, he simply failed to pursue it. The regulations provide that he can directly appeal the ALJ's unfavorable decision without seeking review by the Appeals Council and that the ALJ's decision is final unless the Appeals Council assumes jurisdiction of the case. 20 C.F.R. § 404.984. Thus, unlike in *Smith*, the ALJ's decision is the final stage in Zayid's previously remanded case. The Appeals Council's regulations permitting a claimant in a remanded case to file "exceptions" to an ALJ's decision amounts to "a second look that the agency had made available to claimants as a matter of grace." *Smith*, 139 S.Ct. at 1777-1778. Thus, Zayid's case is more in line with *Sanders*, not *Smith*, and the rule announced in *Smith* does not mandate judicial review.

### III. Conclusion

For the reasons explained above, the undersigned recommends that the Commissioner's Motion to Dismiss (Doc. 12) be granted.

Dated: November 26, 2019

/s/ *Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).