IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TALIB ZAYID, | ) CASE NO. 1:19 CV 732 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| COMMISSIONER OF SOCIAL SECURITY, | ) Magistrate Judge Kathleen B. Burke |
| Defendant. | ) **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Docket #17), recommending that the Commissioner of Social Security's Motion to Dismiss the Complaint filed by Plaintiff, Talib Zayid, alleging a violation of his procedural due process and equal protection rights and challenging the Commissioner's decision denying his application for Supplemental Security Income ("SSI"), be granted.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

### A. Zayid's disability application

Zayid filed an application for SSI in December 2012. Doc. 1-4 p. 4.1
After he received a final decision denying his claim, he appealed to federal court,

which remanded the claim back to the agency for further proceedings in November 2016. Doc. 1, p. 2, ¶3.

On remand, the ALJ held a new hearing. Doc. 1, p. 2, ¶5. Shortly thereafter, a consultative examination was ordered and performed by Dorothy Bradford, M.D. Doc. 1, p. 2, ¶6; Doc. 1-3 (report). On February 16, 2018, the ALJ issued a decision denying Zayid's disability claim. Doc. 1, p. 2, ¶7; Doc. 1-4, pp. 4-19 (ALJ decision).

### B. Regulations governing remanded cases

Because Zayid's case was one that the federal court had previously remanded, 20 C.F.R. § 416.1484, "Appeals Council review of administrative law judge decision in a case remanded by a Federal court," applies to his case. Section 416.1484 sets forth three possible paths for review of an ALJ's decision of a previously remanded case: (1) the claimant can directly appeal the ALJ's decision to federal court without Appeals Council review; (2) the claimant can file "exceptions" to the Appeals Council within 30 days; or (3) the Appeals Council can assume jurisdiction sua sponte within 60 days of the ALJ's decision. The ALJ's notice of decision, which was sent to Zayid, explained these options and the time frame for each. Doc. 1-4, pp. 1-2.

#### 1. Zayid did not timely appeal to federal court

The ALJ's notice of decision explained that, under option (1), the ALJ's decision would become final on the 61st day after the date of the decision and that Zayid would have 60 days after that date to file a complaint in federal court. Doc. 1-4, p. 2. Because the ALJ's decision is dated February 16, 2018, it became final on April 18, 2018. Zayid had until 60 days after that, June 18, 2018, to file his complaint in federal court.

Zayid filed his Complaint in this Court on April 3, 2019, almost ten months later.

#### 2. Zayid did not timely file exceptions to the Appeals Council

Under option (2), the ALJ's decision notice explained, Zayid could file "exceptions" to the Appeals Council within 30 days of the date in which Zayid or his representative received the ALJ's decision notice. Doc. 1-4, p. 1. The agency assumes that the claimant receives the notice five days after the date of the notice. Doc. 1-4, p. 1. If a claimant needs more time to file exceptions, he or she can request an extension from the Appeals Council, but such a request must be filed within the same 30-day time frame. Doc. 1-4, pp. 1-2.

Because the ALJ's notice decision is dated February 16, 2018, Zayid was presumed to have notice five days later, on February 21, 2018. Zayid's exceptions were therefore due to the Appeals Council within 30 days, on or by March 23, 2018.

Zayid filed exceptions on March 26, 2018, three days after the deadline. Doc. 1-5 (letter to Appeal Council). On May 30, 2018, the Appeals Council advised Zayid that his exceptions were late and stated that he must show proof that his exceptions were sent within 30 days of his receiving the ALJ's decision notice. Doc. 1-6. On June 7, 2018, Zayid sent a letter to the Appeals Council admitting that his exceptions were three days late, i.e., they were not sent within 30 days of his receipt of the ALJ's notice. Doc. 1-7. Zayid's attorney explained that he had incorrectly calendared the matter for 60 days, rather than the 30 days applicable to a remanded case. Doc. 1-7, p. 1. He requested that the Appeals Council find good cause for his untimely filing and consider his exceptions. Doc. 1-7, p. 1. In support, he cited HALLEX 1-3-1- 1E. Doc. 1-7, p. 2.

On February 28, 2019, the Appeals Council advised Zayid that his exceptions were untimely and, furthermore, informed him that HALLEX 1-3-1 does not apply to remanded cases. Doc. 1-8, p. 1.

### 3. The Appeals Council did not assume jurisdiction sua sponte

The Appeals Council did not assume jurisdiction, sua sponte, within 60 days of the ALJ's decision.

### C. Zayid files a complaint in federal court

Zayid filed his Complaint in this Court on April 3, 2019. Doc. 1. The basis of his challenge to the ALJ's decision (and the "exceptions" filed with the Appeals Council) is the consultative examination performed by Dr. Bradford upon remand from federal court. Zayid alleges that he had a sexual encounter with Dr. Bradford approximately 20 years ago, which, he believes, adversely effected the doctor's findings regarding his physical impairments. Doc. 1-5, p. 3, ¶¶2, 4. He claims that he did not recall that he had a past sexual encounter with the consultative examiner until after he read the ALJ's unfavorable decision. Doc. 1-5, p. 3, ¶2. He also alleges that the Appeals Council's unwillingness to consider his late exceptions violates his due process and equal protection rights. Doc. 1, pp. 7-9.

Defendant filed a motion to dismiss, asserting that Zayid's Complaint is untimely. Doc. 12, p. 5. Alternatively, Defendant asserts that Zayid's constitutional claims fail to state a claim for which relief can be granted. Doc. 12,

p. 8. Zayid filed an opposition brief, arguing that he alleged "colorable constitutional claims" not subject to the exhaustion requirements in 42 C.F.R. 405(g), he is entitled to equitable tolling, and dismissal is unwarranted based on the recent United States Supreme Court opinion Smith v. Berryhill. Doc. 14, p. 1. Defendants filed a reply. Doc. 16. For the reasons explained below, Defendant's motion to dismiss should be granted.

**Report and Recommendation**

The Magistrate Judge issued her Report and Recommendation on November 26, 2019 (Docket #17), recommending that the Commissioner's Motion to Dismiss be granted. The Magistrate Judge found Mr. Zayid's Complaint to be time-barred because he did not appeal the ALJ's decision within the prescribed time frame – on or before June 18, 2018 – which is 60 days after the ALJ's decision became final. The Magistrate Judge noted that Mr. Zayid never asked the Appeals Council to extend the time to file an appeal in Federal Court, which he could have done pursuant to 20 C.F.R. § 416.1482 and, analyzing the five-factor test set forth in *Cook v. Comm'r of Soc. Sec*, 480 F. #d 432, 435 (6th Cir. 2007), found that Mr. Zayid is not entitled to equitable tolling. Specifically, Magistrate Judge Burke found that Mr. Zayid had actual or constructive knowledge of the applicable filing requirements, as he was sent and admits to having received notice of the ALJ's decision which set forth the filing requirement; that Mr. Zayid was not diligent in pursuing his rights, as his exceptions to the Appeals Council were untimely, the Appeals Council did not *sua sponte* accept jurisdiction, he waited almost ten months to file for further review in Federal Court and, he did not request additional time to appeal his case to Federal Court; that the Commissioner would be prejudiced if late filing were permitted; and, that Mr. Zayid's purported ignorance of the filing requirements is not reasonable under the facts and circumstances of this case. Further, Magistrate Burke found that the exhaustion doctrine does not apply in this case and, that even if it did, Mr. Zayid has not stated a

colorable Constitutional claim for either a violation of his due process or equal protection rights.

On December 10, 2019, Mr. Zayid filed Objections to the Report and Recommendation. (Docket #18.) On December 17, 2019, the Commissioner of Social Security filed a Response to Plaintiff's Objections. (Docket #20.)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered the pleadings, transcripts, and filings of the parties, as well as the objections

to the Report and Recommendation filed by Mr. Zayid and the Commissioner's response thereto. The Court finds the Report and Recommendation to be well-reasoned and correct. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Accordingly, the Report and Recommendation of Magistrate Judge Burke (Docket #17) is hereby ADOPTED. The Commissioner's Motion to Dismiss (Docket #12) is hereby GRANTED.

This case is hereby DISMISSED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: November 20, 2019